UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
MICHAEL COLEMAN,

        Petitioner,

    -v-

FRANK SQUILLIANTE, Warden of
Gouverneur Correctional Facility,

        Respondent.
------------------------------------x

06 Civ. 13518 (JSR)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-2-08

JED S. RAKOFF, U.S.D.J.

    On August 25, 2008, the Honorable Frank Maas, United States Magistrate Judge, issued a Report and Recommendation in the above-captioned matter recommending that the Court deny petitioner's motion under 28 U.S.C. § 2253 for a writ of habeas corpus. Petitioner filed an untimely objection to the Report and Recommendation on September 23, 2008 ("Objection"). On this basis alone, petitioner has waived any right to review by this Court. See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002); Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000). Nevertheless, the Court has considered petitioner's objections on the merits and de novo, and, having done so, agrees with Magistrate Judge Maas' thorough Report and Recommendation that the petition should be denied.

    Petitioner's submission amounts to a litany of allegations and extraneous observations that raise no valid constitutional objections to the Report and Recommendation or to his underlying conviction for assault. Among petitioner's assertions is that one of petitioner's victims, Jim Enterline, a 69-nine-year old man at the

time of the incident, was larger than petitioner ("[Enterline] is six feet tall, to my 5'8""), see Objection at 1, thus implying that he was a substantial threat to petitioner, who was 55 years old at the time; that as a former Petty Officer in the Navy, Jim Enterline would not be "known for [his] timidity," see id. at 1, implying that Enterline, not defendant, was the aggressor; and that co-victim Esther Enterline had once received sanction for professional misconduct in 1986, see id. at 2, an entirely unrelated matter. Though these contentions are meritless on their face, the petitioner is, in any case, precluded from raising novel claims in his objections to the Magistrate Judge's Report and Recommendation. See Earley v. Miller, 451 F.3d 71 (2d Cir. 2006); Chisolm v. Headley, 58 F. Supp. 2d 281, 284 n.2 (S.D.N.Y. 1999). Petitioner's remaining assertions are all thoroughly addressed in Judge Maas' excellent opinion.

As Judge Maas noted, petitioner's arguments overlook "the fact that the prosecution's case was very strong and that the defense that Coleman wished to put forth - painting himself as the victim of an attack by a sixty-nine-year-old man and his disabled wife - bordered on the absurd." Report and Recommendation at 27-28.

Accordingly, the Court hereby adopts the Report and Recommendation, and, for the reasons stated therein as well as here, dismisses the petition with prejudice. In addition, because petitioner has not made a substantial showing of the denial of a

constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253.  Clerk to enter judgment.

SO ORDERED.

Dated: New York, NY
       September 30, 2008

_____
JED S. RAKOFF, U.S.D.J.